UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>TIMOTHY W. MCDONALD,<br><br>    Defendant. | Case No. 19-cr-40041-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on two motions for disclosure filed by defendant Timothy W. McDonald (Docs. 108 & 109). The Government has responded to the motions (Docs. 110 & 111), and McDonald has replied (Doc. 114).

**I.     Motion for Disclosure of Impeaching Information (Doc. 108)**

McDonald's first motion seeks disclosure of (1) information to impeach prospective Government witnesses as required by *Brady v. Maryland*, 373 U.S. 83, 87 (1963), and *Giglio v. United States*, 405 U.S. 150, 155 (1972), and (2) statements of Government witnesses pursuant to the Jencks Act, 18 U.S.C. § 3500.

Under *Brady*, *Giglio*, and their progeny, the prosecution has the duty to ensure that criminal trials are fair by disclosing evidence that is exculpatory or that impeaches a Government witness. There is no doubt that a defendant is entitled to disclosure of all evidence that "would tend to exculpate" him, *Brady*, 373 U.S. at 88, and all evidence that casts doubt on the credibility of prosecution witnesses and is material to the outcome of the trial. *See United States v. Bagley*, 473 U.S. 667, 676 (1985); *Giglio*, 405 U.S. at 155; *see United States v. Hamilton*, 107 F.3d 499, 509 (7th Cir. 1997). The prosecutor must disclose not only evidence known to him, but he also "has a duty to learn of any favorable evidence known to the others acting on the Government's

behalf in the case, including the police." *Kyles v. Whitley*, 514 U.S. 419, 437 (1995).

In its response, the Government acknowledges its continuing obligations under *Brady*, *Giglio* and their progeny.  Where the Government makes assurances it will comply with *Giglio* and *Brady*, those assurances are sufficient.  See *Strickler v. Greene*, 527 U.S. 263, 283 n. 23 (1999); *see, e.g.*, *United States v. Alex*, 791 F. Supp. 723, 729 (N.D. Ill. 1992) ("First, to the extent that Alex's requests for information fall within the scope of Brady, the Government's promise to comply with the dictates of Brady renders Alex's motion moot."); *United States v. Dominguez*, 131 F.R.D. 556, 559 (N.D. Ill. 1990) (Government's assurances of compliance with *Brady* and *Giglio* in response to discovery motions were sufficient); *United States v. Leichtfuss*, 331 F. Supp. 723, 730-31 (N.D. Ill. 1971) (Government's statement that it understood its obligations and would comply with them was sufficient).

As for McDonald's request for production of Government witness statements covered by the Jencks Act, that statute requires that the Government, upon a defendant's timely request, provide the defendant with prior statements of Government witnesses *after* the witnesses have testified at trial.  District courts have no authority to order pretrial disclosure of material embraced by the Jencks Act.  See *United States v. Harris*, 542 F.2d 1283, 1291 (7th Cir. 1976). The only exception could be information subject to disclosure under *Brady* or *Giglio*, as discussed above, and the Government has made assurances it will make those disclosures.

For all these reasons, the Court **DENIES as moot** the defendant's Motion for Disclosure of Impeaching Information (Doc. 108).  However, the Government is reminded that any doubt as to whether disclosure is required must be resolved in favor of disclosure.

**II.    Motion for Notice of Intent to Use and Description of 404(B) Evidence (Doc. 109)**

McDonald's second motion seeks an order directing the Government to give notice of its

intention to use evidence of similar crimes, wrongs or acts pursuant to Federal Rule of Evidence 404(b).  Rule 404(b)(3) provides that the prosecution in a criminal case shall provide reasonable written notice in advance of trial of the general nature of any evidence of other crimes, wrongs or acts allegedly committed by the defendant that the Government intends to introduce at trial as well as the purpose for its introduction.

The Government has responded that at this time it does not intend to introduce any evidence covered by Rule 404(b).   Nevertheless, it has already provided notice of any such information that exists by following its open file policy.   In light of this response, the Court **DENIES as moot** the defendant's Motion for Notice of Intent to Use and Description of 404(b) Evidence (Doc. 109), but reminds the Government of its continuing obligation under Rule 404(b) to disclose the general nature of such evidence in advance of trial should it decide to introduce any.

**IT IS SO ORDERED.**
**DATED:   July 14, 2023**

> s/ J. Phil Gilbert
> **J. PHIL GILBERT**
> **U.S. DISTRICT JUDGE**